UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENDA MANNING, Individually and as Mother, Guardian and Next Friend of BRIAN STEVEN MANNING, a Minor,

    Plaintiff,

v.

ELI LILLY AND COMPANY, et al,

    Defendant.

CIVIL ACTION No. 03-1661 (EGS)

## DEFENDANT ELI LILLY AND COMPANY'S ANSWER TO THE COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the Complaint filed in this action as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1. Whether jurisdiction exists in this court pursuant to 28 U.S.C. § 1332(a) is a legal question to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2. Lilly admits that the amount in controversy exceeds $75,000, but denies that Lilly is liable to the Plaintiff for any amount.

3. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

17/502378.1

4. Lilly is without knowledge or information sufficient to form a belief as to the representative capacity of Plaintiff. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 4.

5. Lilly admits that it is an Indiana corporation with its principal place of business in the State of Indiana. Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Lilly responds that the term "DES" includes many drug products including but not limited to diethylstilbestrol, and any admissions in this Answer are intended to refer only to diethylstilbestrol as it relates to Lilly. Except as already stated, Lilly denies the allegations of Paragraph 5 of the Complaint.

6. Lilly states that it did sell and distribute diethylstilbestrol in the District of Columbia. Lilly also states that it is doing business in the District of Columbia, that the U.S. Food and Drug Administration ("FDA") is headquartered in the District of Columbia, and that the FDA approved Lilly's sales of diethylstilbestrol and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 6 of the Complaint.

## COUNT I
### (Negligence--Brenda Manning v. Eli Lilly and Company)

7. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7. To the extent that a response is required, however, Lilly denies the allegations of Paragraph 7 of the Complaint.

8. Lilly denies the allegations contained in Paragraph 8.

9. Lilly denies the allegations contained in Paragraph 9.

## COUNT II

**(Strict Liability--Brenda Manning v. Eli Lilly and Company)**

10. Lilly repeats and realleges its answers contained in Paragraphs 1 through 9 above.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint.

14. Lilly denies the allegations contained in Paragraph 14 of the Complaint.

## COUNT III
**(Breach of Warranty--Brenda Manning v. Eli Lilly and Company)**

15. Lilly repeats and realleges its answers contained in Paragraphs 1 through 14 above.

16. Lilly admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

19. Lilly denies the allegations contained in Paragraph 19 of the Complaint.

## COUNT IV
**(Misrepresentation--Brenda Manning v. Eli Lilly and Company)**

20. Lilly repeats and realleges its answers contained in Paragraphs 1 through 19 above.

21. Lilly denies the allegations contained in Paragraph 21 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint..

23. Lilly denies the allegations contained in Paragraph 23 of the Complaint.

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT V
### (Negligence--Brian Steven Manning, a Minor v. Eli Lilly and Company)

25. Lilly denies the allegations contained in Paragraph 25 of the Complaint.

26. Lilly admits that DES is a synthetic estrogen and states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES. Except as already stated, Lilly denies the allegations contained in Paragraph 26 of the Complaint.

27. Lilly denies the allegations contained in Paragraph 27 of the Complaint.

## COUNT VI
### (Strict Liability--Brian Steven Manning, a Minor v. Eli Lilly and Company)

28. Lilly repeats and realleges its answers contained in Paragraphs 1 through 27 above.

29. Lilly admits the existence prior to 1963 of medical articles suggesting that DES, like all estrogens, could cross the placenta. Except as already stated, Lilly denies the allegations contained in Paragraph 29 of the Complaint.

30. Lilly denies the allegations contained in Paragraph 30 of the Complaint.

31. Lilly denies the allegations contained in Paragraph 31 of the Complaint.

32. Lilly denies the allegations contained in Paragraph 32 of the Complaint.

33. Lilly denies the allegations contained in Paragraph 33 of the Complaint.

34. Lilly denies the allegations contained in Paragraph 34 of the Complaint.

## COUNT VII
### (Punitive Damages)

35. Lilly denies the allegations contained in Paragraph 35 of the Complaint.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Lilly.

## THIRD DEFENSE

The Plaintiffs' Claims are barred by the applicable statute of limitations or laches.

## FOURTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

## FIFTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, Plaintiff's claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

## SIXTH DEFENSE

This court lacks personal jurisdiction over defendant.

## SEVENTH DEFENSE

Venue is improper in this judicial district.

## EIGHTH DEFENSE

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

Respectfully submitted,

ELI LILLY AND COMPANY

/s/ Lawrence H. Martin_____
Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, D.C. 20006-4604
(202) 223-1200

and

James J. Dillon, P.C.
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: September 29, 2003