UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BRENDA MANNING, Individually,** | : | |
| and as Mother, Guardian, and | : | |
| Next Friend of | : | |
| **BRIAN STEVEN MANNING,** | : | |
| a Minor, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 03-1845 (GK) |
| | : | |
| **ELI LILLY & COMPANY,** | : | |
| | : | |
| Defendant . | : | |

## SCHEDULING ORDER

### PLEASE READ THIS ORDER IN ITS ENTIRETY

This matter having come before the Court for an Initial Scheduling Conference, and the Court having considered the Joint Meet and Confer Statement submitted by counsel, as well as any supplemental pleadings that are relevant, the representations made in open court, and the entire record in this case, it is hereby

**ORDERED** that:

1. This case shall proceed on a **Standard Track**, with the following schedule:

| | Track One (Fast) | Track Two (Standard) | Track Three (Complex) |
|---|---|---|---|
| Exchange Witness Lists | 15 days | 30 days | 60 days |
| Deadline for Written Discovery Requests[1] | 30 days | 45 days **12/1/03** | 90 days |

---

[1] This deadline includes any Rule 26(a) disclosure requirements which have not been

(continued...)

| | | | |
|---|---|---|---|
| Proponent's R. 26(a)(2) Statements | N/A _____ | 60 days **2/4/03** | 120 days _____ |
| Opponent's R. 26(a)(2) Statements | N/A _____ | 90 days **3/5/04** | 150 days _____ |
| <u>All</u> discovery closed | 60 days _____ | 120 days **5/4/04** | 210 days _____ |
| Deadline for Filing Dispositive Motions | 75 days _____ | 150 days **6/4/04** | 270 days _____ |
| Pretrial Conference | 4 months _____ | 6-7 months **8/3/04 at 4:15 p.m.** | 9 months _____ |

2.      A further status conference is scheduled for **[date & time].** Counsel must be prepared to advise the Court of the expected length of trial and of the number of fact and expert witnesses that party will present. Trial counsel themselves must appear at all hearings, unless excused by the Court in advance of the hearing date.

3.      Every pleading shall indicate, immediately below the Civil Action No. in the caption, **the next-scheduled Court deadline**, such as a status conference, or pretrial conference, or trial date. Pleadings that do not contain such information will be, <u>sua</u> <u>sponte</u>, stricken from the record.

4.      Unless the parties have been given leave to do so, **no** opposition to a motion shall include a new motion. Every motion must be filed **separately** and **individually**.

5.      Every pleading signed by an attorney shall, in conformity with Local Civil Rule 5.1(e), contain the name, address, **telephone number**, fax number, and bar identification number of the attorney.

---

[1](...continued)
fully satisfied.

6. Any motion that does not comply with Local Civil Rule 7.1(c) or (m) will be, sua sponte, denied.

7. Every motion for continuance shall indicate the **date a pleading is due, the date requested for the continuance**, whether previous continuances have been granted, and whether the extension will impact any other court dates. Failure to provide such information will result in denial of the motion.

8. This case is referred to **Magistrate Judge Kay settlement discussions** to commence **May 1, 2004.** Counsel, parties, and persons with settlement authority are directed to attend the mediation sessions. The Clerk of Court is directed to furnish a copy of this Order to **Magistrate Judge Kay.**

9. The parties **do not** consent to proceed before a magistrate judge for all purposes, including trial.

10. There will be no extensions of discovery, except for compelling reasons. Each party is limited to a maximum of 10 depositions and 25 interrogatories.

11. Counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court. If counsel are unable to resolve the discovery dispute, counsel shall arrange a brief telephone conference with the Court by contacting Chambers. Counsel shall **not** file a discovery motion without following the procedures set forth in this paragraph.

12. **Three weeks** in advance of the Pretrial Conference, counsel are required to meet and prepare a **Joint** Pretrial Statement, which is required to be submitted not less than **eleven** days prior to the Conference in accordance with Local Civil Rul 16.5(b). The form for the Joint Pretrial Statement is attached hereto as Appendix A. Separate Pretrial Statements will be struck, sua sponte**.**

13.     Motions for reconsideration are greatly disfavored and should not exceed 10 pages in length. Motions in excess of these page limits will be struck, <u>sua sponte</u>. The Court assumes that counsel have made their best and most convincing arguments in their first round of briefing, and presumes that motions for reconsideration are simply a repetition and reframing of those original arguments. "Only if the moving party presents <u>new fact</u> or a <u>clear error of law</u> which 'compel' a change in the Court's ruling will the motion to reconsider be granted." <u>New York v. United States</u>, 880 F. Supp. 37, 38 (D.D.C. 1995) (emphasis added).

14.     Counsel's attention is called to Appendix B, which contains five specific "guidelines" for the proper conduct of depositions under Fed. R. Civ. P. 30(d), prohibiting argumentative and suggestive objections, and requiring answers to all questions, regardless of objections, except when necessary to preserve a privilege. Violations of this rule will be sanctioned.

15.     Counsel are admonished to read the Circuit's opinion in <u>Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al.</u>, 101 F.3d 145, 149-153 (D.C. Cir. 1996) (in upholding the trial court's implementation of the scheduling order entered at the beginning of the case and insisting on its reasonable observance during litigation, affirming the grant of summary judgment because of failures to comply with Local Rule 7.1(h)).


Date:   November 4, 2003                    _____/s/_____
                                            Gladys Kessler
                                            United States District Judge

# APPENDIX A

[Form of Joint Pretrial Statement to Be Filed Eleven Days Before Pretrial Conference]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **BRENDA MANNING, Individually,** and as Mother, Guardian, and Next Friend of **BRIAN STEVEN MANNING,** a Minor, | : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 03-1845 (GK) |
| **ELI LILLY & COMPANY,** | : : : | |
| Defendant. | : | |

JOINT PRETRIAL STATEMENT

    1.    **Parties and Counsel:**  Names, addresses, and telephone numbers of all counsel on whose behalf this Statement is filed.

    2.    **Nature of the Case**:  Give a brief statement describing the nature of the case, the identities of the parties, and the basis of the court's jurisdiction.  The statement of the case should be sufficiently brief, clear, and non-argumentative to be suitable for reading to the jury.

    3.    **Claims and/or Defenses**:  Give a statement of claims setting forth, concisely, each party's claims against any other party (including counter-, cross- and third-party claims) and the party or parties against whom the claim is made.  The statement of defenses shall set forth each defense a party interposes to a claim asserted against it by any other party, including defenses raised by way of general denial, without regard to which party has the burden of persuasion.

    4.    **Undisputed Issues/Stipulations**:  List all issues not in dispute or facts to which the parties have stipulated.

    5.    **Witness Schedule**:  List the name, address, and telephone number of each witness scheduled to be called by a party, including rebuttal witnesses.  The schedule also shall set forth a brief description of the testimony to be given by the witness, and an estimate of the time necessary

for direct examination. Opinion witnesses shall be designated by an asterisk. Witnesses called for impeachment purposes only need not be listed. However, no party may call at trial any witness not listed (except for impeachment purposes) on their Pretrial Statement.

6. **Exhibit List**: Describe each exhibit to be offered in evidence, with each exhibit identified by number, title, and date (if applicable). No exhibit will be admitted at trial unless it is listed on the Pretrial Statement. All exhibits will be deemed admitted at trial unless a specific objection is made in the Joint Pretrial Statement

7. **Deposition Testimony**: Identify each deposition or portion thereof (by page and line numbers) the party intends to offer in evidence. Any cross-designation sought by any other party must be made at or before the Pretrial Conference.

8. **Relief Sought**: Set forth separately each element of damages and the monetary amount claimed, including prejudgment interest, punitive damages, and attorney fees. Do not include amounts claimed for intangible damages. Set forth all other types of relief sought against any party.

9. **Pending Motions**: List all pending motions showing title and filing date.

10. **Demonstrative Evidence, Physical Evidence, Videotapes**: Describe all such items to be offered at trial. Any objections must be made in the Joint Pretrial Statement.

11. **Jury Cases**: Submit a list of requested voir dire questions, showing those agreed upon and not agreed upon; submit a list of standard instructions showing those agreed upon and not agreed upon; submit a complete text of non-standard instructions with authorities relied upon; submit the text of verdict forms, including any special interrogatories.

12. **Non-Jury Cases**: Submit detailed proposed findings of fact and conclusions of law with supporting authorities.

13. **Estimated Length of Trial**: List number of days, and any scheduling problems with witnesses.

14. **Miscellaneous Matters**: The following should be included after the signatures of counsel:

> The foregoing Joint Pretrial Statement, as revised at the Pretrial Conference in the presence of counsel, shall stand as the Pretrial Order in this case.

Date: _____                                  _____/s/_____

> Gladys Kessler
> United States District Judge

## APPENDIX B

### DEPOSITION GUIDELINES

1.  Counsel for the deponent shall refrain from gratuitous comments and directing the deponent in regard to times, dates, documents, testimony, and the like.

2.  Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection.

3.  Counsel shall refrain from directing the deponent not to answer any questions submitted unless the question calls for privileged information.

4.  Counsel shall refrain from dialogue on the record during the course of the deposition.

5.  If counsel for any party or person given notice of the deposition believes that these conditions are not being adhered to, the counsel may call for suspension of the deposition and then immediately apply to the Court for an immediate ruling and remedy. Where appropriate, sanctions will be imposed.

6.  All counsel are to conduct themselves in a civil, polite, and professional manner.