IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENDA MANNING, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 03-cv-01845 (GK/AK) |
| ) | |
| ELI LILLY AND COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CONSENT MOTION TO TRANSFER ACTION
TO THE DISTRICT OF MASSACHUSETTS**

Defendant Eli Lilly and Company hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the District of Massachusetts. Plaintiff consents to the allowance of this motion.

Defendant bases its motion on the fact that the District of Massachusetts is a more convenient forum than the District of Columbia, the action could have originally been brought in the District of Massachusetts, and transfer out of a district with no connection to the Plaintiff's claims is in the best interests of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum).

The District of Massachusetts is more convenient for the witnesses likely to be deposed or called to testify at trial. Section 1404(a) instructs the District Court to consider the convenience of witnesses in deciding whether to transfer an action. *See* 28 U.S.C. § 1404(a). Defendant has reason to believe that all potential fact witnesses and sources of proof are located

in or within the subpoena power[1] of the District of Massachusetts. In particular, Plaintiffs Brenda Manning and Brian Manning, and their husband/father, Eric M. Manning, live in Massachusetts. Plaintiff Brenda Manning's Answers to Defendant Eli Lilly and Company's First Set of Interrogatories at Nos. 1, 3 ("Brenda Manning Interrogs") (excerpts attached as Exhibit 1); Plaintiff Brenda Manning's, As Mother, Guardian And Next Friend of Brian Steven Manning, Answers to Defendant Eli Lilly and Company's First Set of Interrogatories at No. 1("Brian Manning Interrogs") (excerpts attached as Exhibit 2). Plaintiff Brenda Manning's parents, Janet A. and Gordon L. Berg, live in Massachusetts. Brenda Manning Interrogs No. 4. The records from the prescribing hospital, Boston Lying-In Hospital, are located in Massachusetts. *Id.* at No. 6. The pharmacy that allegedly dispensed DES to Brenda Manning's mother, Boston Lying-In Hospital Pharmacy, was located in Massachusetts. *Id.* at No. 7. All of Plaintiff Brenda Manning's treaters are located in Massachusetts: Dr. Lawrence Cibley; Dr. Katherine Marshall; Dr. Edward Kelley; Dr. Robin Fischer; Dr. Charles Easterday; and Dr. Lorna Johnson. *Id.* at No. 14. Plaintiff Brian Manning's prenatal and delivering physicians, Dr. Katherine Marshall and Dr. Edward Kelley, are located in Massachusetts. Brian Manning Interrogs No. 4  All of Plaintiff Brian Manning's nineteen treaters and treating hospitals are located in Massachusetts: St. Elizabeth's Medical Center; Children's Hospital Boston; Dr. Robert Shamberger; Dr. John Cloherty; Dr. Sunil Saluja; Dr. Brian Snyder; Dr. Adre duPlessis; Dr. John Gaitanis; Dr. Craig Peters ; Dr. Donna Nimec; Dr. Silva Testa; Dr. Ronald Pye; Dr. Ralph Aarons; Dr. Sunita Perreira; Dr. Gopal Gupta; Dr. Sha Hassain; Dr. Pamela Tewarson; Dr. David Reese; and Wayside Beaverbrook Early Intervention. *Id.* at 6.

---

[1] Pursuant to Fed. R. Civ. P. 45(b). Rule 45(b) provides that "a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena . . . ."

This action "might have been brought" originally in the District of Massachusetts. 28 U.S.C. § 1404(a). First, the District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[2] Lilly is incorporated and has its principal place of business in Indiana. Plaintiff resides in and is presumably domiciled in Massachusetts. Second, Massachusetts's long-arm statute reaches torts the consequences of which occur within the state. *See* Mass. Gen. Laws ch. 223A, §3. Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to subject matter and personal jurisdiction. Third, venue is proper in the District of Massachusetts because Massachusetts was the state where DES was allegedly prescribed, dispensed, and ingested, and Plaintiff's injuries that were allegedly caused by DES were diagnosed and treated in Massachusetts. *See* 28 U.S.C. § 1391(a)(2) (allowing transfer to "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Finally, the interests of justice support transfer of this action to the District of Massachusetts. *See Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980) (listing public interest factors to consider). First, Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts citizens are tried fairly and efficiently. The next factor, the applicable law, favors the District of Massachusetts because Massachusetts tort law is likely to be applied, and the District of Massachusetts is more familiar with its substantive law than is the District of Columbia. *See Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990) (District of Columbia's choice of law rules point to the jurisdiction with the "most

---

[2] Defendant does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiff cannot recover more than $75,000. However, Defendant does not concede that the value of Plaintiff's claims in fact exceed that minimum requirement.

significant relationship" to the dispute). Finally, this case has no connection to the District of Columbia except that it was filed here: no witnesses reside here, plaintiff's alleged exposure to DES did not occur here, and none of plaintiff's injuries were diagnosed or treated here. Because this case has no connection to this district and because plaintiff consents to transfer, it is equitable to transfer this case out of the District of Columbia.

## CONCLUSION

WHEREFORE, based on the foregoing reasons, Defendant respectfully requests that this Court grant its motion to transfer this case to the District of Massachusetts.

Respectfully submitted

ELI LILLY AND COMPANY,

/s/ Lawrence H. Martin
Lawrence H. Martin, D.C. Bar No. 476639
FOLEY HOAG LLP
1875 K Street, NW
Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated: March 16, 2004

- 5 -

## LOCAL RULE 7.1(m) CERTIFICATION

      Pursuant to Local Rule 7.1(m), Defendant Eli Lilly and Company certifies that, through its counsel, it conferred with Plaintiff's counsel to determine whether Plaintiffs oppose the relief requested in this motion. Plaintiff's counsel indicated that she consents to the allowance of this motion.

/s/ Lawrence H. Martin<br>
Lawrence H. Martin