EXHIBIT 1

## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BRENDA MANNING, et al.,      ]
                                ]
          Plaintiffs,     ]
                                ]
      v.                    ]     Civil Action No.: 03-cv-01845 (GK/AK)
                                ]
ELI LILLY AND COMPANY,     ]
                                ]
          Defendant.    ]

## PLAINTIFF BRENDA MANNING'S ANSWERS TO
## DEFENDANT ELI LILLY AND COMPANY'S FIRST SET OF INTERROGATORIES

1.     Please state your full legal name, your social security number and your date and place of birth, including the name and address of the hospital at which you were born, if any. If you have ever been known by any other name or names, please state each such name and where and when such other name was used.

**ANSWER:**    Brenda Lee Manning; Social Security Number: 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; Date of Birth:

December 9, 1963; Place of Birth: Boston Lying-In Hospital, 221 Longwood Avenue, Boston, MA

02115; Maiden Name: Brenda Lee Berg (December 9, 1963 - September 13, 1998).

2.     Please state your residential address and all former residential addresses and the inclusive dates for each.

**ANSWER:**

a)     9 Quincy Street
         Watertown, MA 02472
         (October 1993 - Present)

b.     11 Quincy Street
         Watertown, MA 02472
         (August 1970 - October 1993)

c.     124 Chapman Street
         Watertown, MA 02472
         (December 1963 - August 1970)

3.     Please state your marital status. If married, please state your spouse's full legal name,

his residential address and the date of your marriage. If formerly married, for each spouse, please state his full legal name, his present residential address; the date of your marriage; the date of its termination; and the method by which it was terminated (e.g., annulment, divorce, death of spouse).

**ANSWER:**    Married; Spouse: Eric Michael Manning: Present Residential Address: 9

Quincy Street, Watertown, MA  02472; Date of Marriage: September 13, 1998.

4.    Please state the full legal name of each of your parents, including your mother's maiden name, their places and dates of birth, and their current residential address or addresses. If either of your parents in (sic) deceased, please state the date, place and cause of death.

**ANSWER:**

Mother:

Janet Ann Berg; Maiden Name: Parrella; Place of Birth: Watertown, MA; Date of Birth:

December 23, 1940; Current Residential Address: 11 Quincy Street, Watertown, MA  02472.

Father:

Gordon Lee Berg; Place of Birth: Ironwood, MI; Date of Birth: October 6, 1937; Current

Residential Address: 11 Quincy Street, Watertown, MA  02472.

5.    Please state the address of each residence of your mother for the period beginning five years prior to the date of birth of your mother's first child through the present.

**ANSWER:**

    a.    126 Chapman Street
           Watertown, MA  02472
           (1957 - 1960)

    b.    65 Jefferson Street
           Newton, MA  02458
           (October 1960 - November 1962)

    c.    124 Chapman Street
           Watertown, MA  02472
           (November 1962 - August 1970)

d.    11 Quincy Street
Watertown, MA 02472
(August 1970 - Present)

6.    If you contend that your mother took diethylstilbestrol ("DES" or "stilbestrol") during her pregnancy with you, please state the name and address of each physicians who prescribed it; if any physician who prescribed DES is deceased, please state the name and address of the current custodian of his or her medical records; and please state the purpose for which the drug was prescribed.

**ANSWER:**    a.    Boston Lying-In Hospital - Maternal Infant Clinic, 221 Longwood Avenue, Boston, MA 02115 ;

b.    Brigham and Women's Hospital, 75 Francis Street, Boston, MA 02115 is the custodian of records for the Boston Lying-In Hospital.

c.    DES was prescribed to the plaintiff's mother for the prevention of miscarriage and a history of prior pregnancy losses.

7.    Please identify, by name and address, each pharmacy or other supplier that dispensed the DES allegedly ingested by your mother while pregnant with you. If you do not know the name of the pharmacy, please state the name and address of each pharmacy or retail drug outlet that was patronized by your mother or father during the twelve months that preceded your birth.

**ANSWER:**    Boston Lying-In Hospital Pharmacy, 221 Longwood Avenue, Boston, MA 02115.

8.    Describe in detail the physical appearance of the diethylstilbestrol you allege your mother ingested, including its form (for example, pill, injection, capsule), the shape, color, or size of any pill, tablet or capsule, the dosage of the DES your mother took, and any markings that may have appeared on the product.

**ANSWER:**    Small, white, round pill with a cross in the middle. See Appendix No. 2 of

Plaintiff Brenda Manning's Responses to Defendant's Request for Production of Documents and/or

Tangible Things. This answer may be supplemented as discovery progresses.

9.    Please set forth all information you have concerning the identity of the manufacturer or supplier of the DES your mother allegedly ingested while pregnant with you. State all facts upon which you base this identification, including, if known, but not limited to, the trade, generic, or brand name of the DES you allege your mother ingested. Identify by name and address all witnesses with personal knowledge of these facts.

-3-

**ANSWER:** See plaintiff's Answer to Interrogatory No. 8. In addition, see Statement of

William R. Principe, R.Ph. produced in response to Defendant's Request for Production of

Documents. Also see marketing materials such as PDR, Matrix, pill identification tables, Lilly

Wholesaler documents, etc.

10.    Please state the date on which you first believed that your mother took DES during
her pregnancy with you, the date you first discovered any injury you claim to be due to your exposure
to DES, and the date you first believed that DES manufacturers in general or any DES manufacturer
in particular acted in any way wrongly, negligently, or tortiously in the manufacture or distribution
of DES or in the warning about the use of DES.

**ANSWER:** Plaintiff first believed that her mother took DES during her pregnancy with

her in 1980. In August 1998, plaintiff was advised by Dr. Katherine Marshall that in utero DES

exposure might have had some effect on the development of her reproductive tract. The nature and

consequences of this effect were unknown and vague. Plaintiff did not consider this an injury as such

and continued to attempt pregnancy. Plaintiff suffered no pain, needed no treatment to correct this

effect, and did not realize she was debilitated. Plaintiff had no information, suggestion, hunch, or

inkling that the manufacturer's conduct in testing or promoting this drug was wrongful or that the

drug was unreasonably dangerous until April 2001.

11.    Please state the names and last known addresses of any attorneys with whom you have
ever discussed or exchanged information regarding your injuries, DES in general, or Lilly. State the
approximate dates of each such discussion or exchange of information.

**ANSWER:** Plaintiff retained the Law Offices of Stephen M. Winnick and the law firm

of Swartz & Swartz in March 2002, and Aaron M. Levine & Associates in November 2002.

12.    Please state the number of pregnancies that your mother has had, and for each such
pregnancy that your mother has had, please state the approximate date the pregnancy began; the
name and address of each physician, clinic, hospital or other health care professional or facility who
treated your mother during that pregnancy; the identities of any drugs prescribed to or taken by your
mother during that pregnancy; the approximate date the pregnancy ended; the method by which the

-4-

pregnancy ended (e.g., spontaneous abortion, voluntary abortion, stillborn delivery, live birth); and if the pregnancy ended in live birth, the name of the child and his or her present residential address.

**ANSWER:**

Plaintiff's mother has had six (6) pregnancies as follows:

a.    LMP: Unknown; Free Hospital for Women, Brookline, MA; Pregnancy ended as a right ectopic pregnancy on October 25, 1960.

b.    LMP: Approximately March 1962; Boston Lying-In Hospital - Maternal Infant Clinic, Longwood Avenue, Boston, MA; Birth at 6 months gestation on September 25, 1962 with fetal death on September 27, 1962 at Boston Lying-In Hospital, delivering physician F. Iliya, M.D.; DES prescribed and ingested during pregnancy.

c.    LMP: Approximately March 1963; Boston Lying-In Hospital - Maternal Infant Clinic, Longwood Avenue, Boston, MA; Live birth on December 9, 1963 of plaintiff Brenda Lee (Berg) Manning at Boston Lying-Hospital, delivering physician, J. Leventhal, M.D.; DES prescribed and ingested during pregnancy.

d.    LMP: Approximately March 1964; Boston Lying-In Hospital - Maternal Infant Clinic, Longwood Avenue, Boston, MA; Live birth on December 28, 1964, of daughter Sandra Jean (Berg) Smith at Boston Lying-In Hospital, delivering physician, J. Dowd, M.D.; Current Address: 215 Lexington Street, Watertown, MA 02472.

e.    LMP: Approximately March 1966; Boston Lying-In Hospital - Maternal Infant Clinic, Longwood Avenue, Boston, MA; Live birth on December 14, 1966, of son Donald Steven Berg at Boston Lying-In Hospital; Current Address: 162 Spring Street, Watertown, MA 02472.

f.    LMP: Approximately November 1970; Joseph Arico, M.D. and John L. Morrison, M.D., Live birth on August 21, 1971, of daughter Diane Marie (Berg) Lawlor at Waltham Hospital, Hope Avenue, Waltham, MA, delivering physician, John L. Morrison, M.D.; Current Address: 14 Banford Way, Waltham, MA 02453.

13.    Please describe in detail each and every physical or emotional injury you claim to have experienced as a result of exposure to DES and for each such injury, please state the date of its diagnosis; identify by name and address each health care provider (e.g., physician, psychiatrist, psychologist, clinic, hospital, other health care or mental health professional or facility) that has examined, diagnosed or treated you, or been consulted with regard to each such injury; and describe in detail the treatment rendered by each such health care provider.

**ANSWER:**

Plaintiff claims that the following effects are causally related to her in utero exposure to DES:

a.    Extensive Vaginal Wall Adenosis, diagnosed 10/80 by Brigham & Women's Hospital GYN Services;

b.    Cervical hood, diagnosed 6/81 by Brigham & Women's Hospital GYN Services;

c.    Short Cervix, diagnosed 2/98 by Waltham Family Medical Group;

d.    T-shaped Uterus diagnosed 8/98 by Katherine Marshall, M.D.;

e.    Infertility diagnosed in 2/99 by Waltham Family Medical Group and Robin Fischer, M.D.;

e.    Missed Abortion at 8 weeks diagnosed 12/99 by Katherine Marshall, M.D.;

f.    Cervical Shortening Requiring placement of a McDonald cerclage on 10/5/00 by Katherine Marshall, M.D.;

g.    Bedrest for 10 weeks for Cervical shortening;

h.    Placenta Previa diagnosed 10/00 by Katherine Marshall, M.D.;

i.    Preterm labor and delivery at 26 weeks gestation of male infant on 12/10/00 by Edward Kelley, M.D.;

j.    Diminished sex life;

k.    Diminished self esteem and sense of powerlessness due to inability to procreate;

l.    Impaired relationships with friends and relatives who have healthy children;

m.    Anger and resentment that reproductive potential is damaged;

n.    Inability to fulfill biological destiny;

o.    Relationship with spouse complicated by anger, resentment, and disappointment;

p.    Difficulty participating in social activities with other parents;

q.    Feelings of being punished, self-hatred, inadequacy, and inferiority;

r.    Depression; and

s.        Anxiety regarding future adverse pregnancy outcomes.

14.    Please identify by name and address each physician, psychiatrist, psychologist, clinic, hospital or other health care or mental health professional or facility that has rendered any medical examination, diagnosis, consultation, advice or treatment to you for any health problem, emotional problem or injury other than those which you allege are related to diethylstilbestrol.

**ANSWER:**    Plaintiff objects to this Interrogatory as overly broad, burdensome, irrelevant,

nor will it lead to the discovery of any relevant information pertaining to plaintiff's claims. In

addition, plaintiff objects to any health care provider not relevant to her gynecological or associated

conditions. Without waiving said objections, plaintiff submits that the following have provided

gynecological and/or obstetrical care and/or consultation:

a.        Lawrence Cibley, M.D.
          Leonard Cibley, M.D.
          Waltham-Weston Hospital
          Waltham, MA
          (1989 - 1994)

b.        Katherine Marshall, M.D.
          Edward Kelley, M.D.
          Waltham Family Medical Group
          a/k/a Caritas Medical Group at Waltham
          St. Elizabeth's Medical Center of Boston
          736 Cambridge Street
          Brighton, MA  02135
          (1995 - Present)

c.        Robin Fischer, M.D.
          Reproductive Science Center
          Hope Avenue
          Waltham, MA  02454
          (February 1999)

d.        Charles Easterday, M.D.
          Lorna Johnson, M.D.
          Brigham & Women's Hospital GYN Services
          Francis Street
          Boston, MA

-7-

(1980's GYN Care)

15.    Please state the number of pregnancies that you have had and for each pregnancy, please state the approximate date the pregnancy began; the name and address of each health care provider (e.g., physician, clinic, hospital, or other health care professional or facility) who examined or treated you during your pregnancy; the approximate date the pregnancy ended; the method by which the pregnancy ended (e.g., live birth, spontaneous abortion, voluntary abortion, stillborn delivery); and, if the pregnancy ended in a live birth, the name of the child and his or her present residential address.

**ANSWER:**

Plaintiff has had three(3) pregnancies as follows:

a.    LMP: 2/17/99; Katherine Marshall, M.D. and Marina Rabin, M.D., Waltham Family Medical Group, St. Elizabeth's Medical Center of Boston, 736 Cambridge Street, Brighton, MA 02135; Pregnancy ended on 4/13/99 - partial hydatiform mole.

b.    LMP: 10/20/99; Katherine Marshall, M.D., Waltham Family Medical Group, St. Elizabeth's Medical Center of Boston, 736 Cambridge Street, Brighton, MA 02135; Pregnancy ended on 12/10/99 - Missed Abortion.

c.    LMP: 6/10/00; Katherine Marshall, M.D., Waltham Family Medical Group, St. Elizabeth's Medical Center of Boston, 736 Cambridge Street, Brighton, MA 02135; Preterm Labor and Delivery of son, Brian Steven Manning, at 26 weeks gestation, at St. Elizabeth's Medical Center, on December 10, 2000; Current Address: 9 Quincy Street, Watertown, MA 02472.

16.    Please state all means (including, without limitation, natural conception, IUI, and IVF) through which you have attempted pregnancy, including the date ranges of these attempts; and identify by name, address, and date range each partner with whom you made such attempts.

**ANSWER:**

September 1998 - December 1998 attempted pregnancy through natural conception.

December 1998 - attempted pregnancy with cycle of Clomid.

January 1999 - February 1999 - conceived through natural conception but pregnancy ended in April 1999.

May 1999 - October 1999 - conceived through natural conception but pregnancy ended in December 1999.

January 2000 - June 2000 - conceived through natural conception and delivered prematurely at 26 weeks gestation on December 10, 2000.

All of the plaintiff's pregnancy attempts were with her husband, Eric Manning.

Since the premature birth of her son at 26 weeks gestation, plaintiff's treating physicians, have recommended that she not pursue future pregnancies due to her high risk factors.

17.    Please identify by name, address, and date(s) of treatment each physician, clinic, hospital, or other health care provider that has rendered any medical examination, diagnosis, consultation, advice or treatment to you in connection with your attempts at pregnancy.

**ANSWER:**    See plaintiff's answer to Interrogatory No. 14.

18.    If you claim to have suffered or claim you will suffer a loss of earnings as a result of the injuries alleged, state from whom such earnings would have been payable, the total amount of the alleged loss and state any amounts for which you have been reimbursed, and by whom, for loss of earnings as a result of the injuries alleged.

**ANSWER:**    Plaintiff is not making a claim for loss of earnings at this time. However,

plaintiff reserves the right to amend and/or supplement this answer as discovery progresses.

19.    State separately the total amounts, including future amounts, if any, claimed by you as special damages for: (a) services provided by any health care or mental health care provider (including, without limitation, physicians, psychiatrists, psychologists, teachers, rehabilitation therapists, physical therapists, occupational therapists, speech therapists, counselors, social workers and nurses); (b) hospital services; and (c) medical supplies.

**ANSWER:**    Plaintiff is in the process of compiling this information and will forward her

itemization of special damages and supporting documentation upon receipt and compilation.

20.    Please state the full name, present business address, area of expertise and professional training of each person expected to testify as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and the opinions to which the expert is expected to testify, provide a summary of the grounds for each opinion and identify any and all written reports made by each such expert concerning his or her findings and opinions.

**ANSWER:**    Plaintiff has not yet decided upon her experts but is considering calling the

following expert witnesses:

a.    Harris Busch, M.D.
      Baylor Department of Pharmacology
      1 Baylor Plaza, Room 319D
      Houston, TX  77030

Dr. Busch is an expert in the field of Pharmacology and Toxicology, and is expected to testify

as to state of the art. Specifically, Dr. Busch will testify that Lilly knew or should have known that

DES was a transplacental teratogen and failed to adequately test for the safety of DES.

b.    Daniel Sheehan, Ph.D.
      1422 Scott Street
      Little Rock, AR  72202

Dr. Sheehan is an expert in the field of Toxicology and is expected to testify as to state of the

art. Specifically, Dr. Sheehan will testify that Lilly violated the standard of care of the

pharmaceutical industry with regard to information gleaned from animal testing by its initial and then

afterward promotion of DES for use in pregnancy.

c.    Brian Strom, M.D., M.P.H.
      University of Pennsylvania Medical Center
      Department of Epidemiology & Biostatistics
      824 Blockley Hall, 423 Guardian Drive
      Philadelphia, PA  19104

Dr. Strom is an expert in the field of Epidemiology, and is expected to testify that DES

caused the plaintiff's uterine and reproductive anomalies.

d.    Thomas L. Pinckert, M.D.
      Greater Washington Maternal-Fetal Medicine and Genetics
      9707 Medical Center Drive
      Suite 230
      Rockville, MD  20850

Dr. Pinckert is an expert in the field of Maternal-Fetal Medicine and is expected to testify that

the plaintiff's in utero exposure to DES is causally related to her T-shaped uterus and incompetent

cervix which were significant contributing factors to the preterm delivery at 26 weeks gestation.

Plaintiff reserves the right to amend and/or supplement this answer as discovery progresses

and with her Fed. R. Civ. P. 26(a)(2) Statement.

21.    Please identify all other persons having personal knowledge of any of the facts
bearing on your claim, and for each such person state his or her address, telephone number, and
relationship to you, if any.

**ANSWER:**    None, other than any of the aforementioned persons. Plaintiff reserves the

right to supplement this answer as discovery progresses.

22.    If your attorney, or any one acting on your behalf, has obtained statements in any form
from any person concerning any of the events that occurred in regard to the facts alleged in your
Complaint, please identify any such person; state the date on which his or her statement was taken;
identify the person or persons who took the statement; identify the person currently in custody of the
statement; and state whether the statement was oral or written and, if oral, whether and in what
manner it was recorded.

**ANSWER:**    My attorneys are in the possession of the statements of William R. Principe,

R.Ph. and Thomas L. Pinckert, M.D.

The information contained in these answers, as well as the word usage, sentence structure and opinions, are not solely that of the declarant; rather, they are the product of counsel in preparation with declarant.

I SOLEMNLY DECLARE AND AFFIRM, UNDER THE PENALTY OF PERJURY, THAT THE INFORMATION CONTAINED IN THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated: _Dec 4, 2003_

_Brenda Manning_
BRENDA MANNING, Declarant

AARON M. LEVINE & ASSOCIATES

_Aaron M Levine_
AARON M. LEVINE, #7864
1320 19th Street, N.W.
Suite 500
Washington, DC  20036
202/833-8040

Counsel for Plaintiffs

-12-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the $\underline{22nd}$ day of December, 2003, a true copy of the

foregoing Plaintiff Brenda Manning's Answers to Defendant Eli Lilly and Company's First Set of

Interrogatories was mailed, first-class postage prepaid to:

James J. Dillon, P.C.
Foley Hoag LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210

Lawrence H. Martin, Esq.
Foley Hoag LLP
1875 K Street, N.W.
Suite 8000
Washington, DC  20006


Aaron M. Levine

-13-