# EXHIBIT 7

B1138530.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

BRENDA MANNING, Individually ]
and as Mother, Guardian and Next Friend of ]
BRIAN STEVEN MANNING, a Minor ]
9 Quincy Street ]
Watertown, MA  02472 ]
]
          Plaintiffs,            CASE NUMBER  1:03CV01845

    v.                     JUDGE: Gladys Kessler

                                  DECK TYPE: Personal Injury/Malpractice

ELI LILLY AND COMPANY ]
Lilly Corporate Center ]     DATE STAMP: 09/04/2003
Indianapolis, IN 46285 ]
w/s/o NATIONAL REGISTERED AGENTS, INC. ]
1090 Vermont Avenue, NW, #910 ]
Washington, DC  20005 ]
]
          Defendant. ]

JURY ACTION

## COMPLAINT
(DES Litigation – Products Liability, Punitive Damages)

1. Jurisdiction is founded upon 28 U.S.C. §1332(a).

2. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Plaintiff, Brenda Manning, is a citizen of the United States, a resident of Massachusetts, and was born in the State of Massachusetts.

4. Plaintiff Brenda Manning brings this suit individually and as the mother, guardian and next friend of Plaintiff Brian Steven Manning, a minor. Said minor plaintiff is a citizen and resident of the State of Massachusetts.

5. Defendant is a resident of and has its principal place of business in the State of Indiana and is the manufacturer of Diethylstilbestrol ("DES"), who sold and promoted the drug to Janet Parrella Berg, the mother of the Plaintiff Brenda Manning, in 1963 in Massachusetts.

6. Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for DES. Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety. These meetings, conferences and agreements occurred in the District of Columbia.

## COUNT I
**(Negligence - Brenda Manning v. Eli Lilly and Company)**

7. During her pregnancy with Plaintiff Brenda Manning on or about 1963, the mother of the Plaintiff Brenda Manning, Janet Parrella Berg, purchased and ingested DES in the state of Massachusetts exposing her daughter to same during her formation. Said drug was prescribed by her treating obstetrician during the pregnancy. The drug ingested was manufactured, sold, distributed and promoted by Defendant Lilly.

8. As a result of Plaintiff Brenda Manning's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, a shortened and incompetent cervix, resulting in the inability to carry a pregnancy to term, the premature birth of minor Plaintiff Brian Steven Manning, medical expenses for care and treatment, physical and mental pain, and the inability to have the family she desired.

9. Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
(Strict Liability - Brenda Manning v. Eli Lilly and Company)

10. All of the allegations contained in paragraphs 1 though 9 are hereby realleged.

11. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

12. Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

13. As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Brenda Manning was unreasonably exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

14. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff Brenda Manning for her DES-related injuries, losses, and damages.

## COUNT III
(Breach of Warranty - Brenda Manning v. Eli Lilly and Company)

15. All of the allegations contained in paragraphs 1 through 14 are hereby realleged.

16. At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

17. Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff Brenda Manning and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

18. At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

19. As a direct result of the breach of warranties by the Defendant, Plaintiff Brenda Manning has been injured as aforesaid.

## COUNT IV
(Misrepresentation - Brenda Manning v. Eli Lilly and Company)

20. All of the allegations contained in paragraphs 1 through 19 are hereby realleged.

21. Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

22. The mother of the Plaintiff Brenda Manning and her attending physicians, did, in fact, rely on Defendant's representations in its advice about purchase, use, and consumption of DES.

23. At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

24. As a direct result of said false representations by Defendant, Plaintiff Brenda Manning was injured as aforesaid.

## COUNT V
(Negligence – Brian Steven Manning, a Minor v. Eli Lilly and Company)

25. Plaintiff Brenda Manning brings this suit as mother, guardian and next friend of Brian Steven Manning, a minor, who was injured as a result of his premature birth, as a result of his mother's, Plaintiff Brenda Manning's, exposure to DES in utero.

26. The drug DES is a transplacental teratogen capable of crossing the placenta and entering the blood stream of the developing fetus. The reproductive tract of the developing female is sensitive to the estrogenic stimulation of DES (a synthetic estrogen promoted, manufactured, sold and distributed by Defendant). In 1963, Janet Parrella Berg, the minor Plaintiff's grandmother, ingested DES, which caused her daughter's developing reproductive tract to become deformed, marred and stunted. This defect is such that the organs (uterus and incompetent cervix) are not capable of holding back, restraining or delaying pregnancy. The infant, Brian Steven Manning, was born 14 weeks early, at 26 weeks gestation, because of his mother's DES-injured birth uterus, which he shared for the 26 weeks of his gestation. As a result, Brian Steven Manning was born prior to full maturity of his lungs, brain and body, resulting in permanent and severe injuries, including, but not limited to grade IV intraventricular hemorrhage, cerebral palsy (PVL), chronic lung disease, S/P colostomy and febrile seizures, all of which have caused and continue to cause pain and suffering, medical and surgical expenses, loss of future earnings, therapeutic expenses and loss of enjoyment of life.

27. Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT VI
(Strict Liability – Brian Steven Manning, a Minor v. Eli Lilly and Company)

28. All of the above allegations are realleged and incorporated herein by reference.

29. Prior to 1963, the date the Plaintiff's birth uterus was injured, numerous reports were received in the medical and scientific literature to the effect that:

   a. DES, as well as many other chemicals, could cross the placenta;

   b. DES and other drugs and chemicals that crossed the placenta could effect and injure the developing fetus;

   c. DES was a "target" drug, i.e., it targeted or effected primarily the estrogen receptor organs of the female reproductive tract, whether the primary or secondary exposed person;

   d. DES had a potent cellular effect on female reproductive organs;

   e. DES was not efficacious and of no value in the prevention of miscarriages for which it was promoted by Defendant;

   f. DES was a teratogen to the reproductive tract of fetal animals such as mice, rats and mink when ingested by their mothers during pregnancy;

   g. raised questions about the toxicity of DES to the developing fetal female reproductive organs.

30. Based on the above reports, it was foreseeable, expected and knowable by Defendant that DES would expose the daughters of the pregnant women who were ingesting the

drug to stunt and deform their cervix and uteri and that it was foreseeable, knowable and expected in 1963 that DES given to pregnant women could and would stunt and deform their grandchildren's birth uterus, causing prematurity with resulting injury of the grandchildren.

31. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

32. Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's excessive advertising campaigns proclaiming the safety and efficacy of DES.

33. As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drugs, Plaintiff's mother, Brenda Manning, was unreasonably exposed to DES as an unborn child and the minor Plaintiff has suffered injury, loss and damages as aforesaid.

34. Due to having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to the minor Plaintiff for his DES-caused injuries, losses and damages.

## COUNT VII
### (Punitive Damages)

35. The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the

exposed female fetus. Additionally, the Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiffs by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

WHEREFORE, Plaintiff Brenda Manning, individually, demands judgment against Defendant in the sum of $1 Million ($1,000,000.00) in compensatory damages and $1 Million ($1,000,000.00) in punitive damages, plus costs.

WHEREFORE, Plaintiff Brenda Manning, as Mother, Guardian and Next Friend of Brian Steven Manning, a minor, demands judgment against Defendant for $10 Million ($10,000,000.00) in compensatory and punitive damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES, P.A.

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand trial by a jury of six as to all issues of material fact.

_____
Aaron M. Levine